# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **FLEXIWORLD TECHNOLOGIES, INC.,**<br><br>Plaintiff,<br>**v.**<br><br>**TCL ELECTRONICS HOLDINGS LTD., TCL INDUSTRIES HOLDINGS CO., LTD., and TCL TECHNOLOGY GROUP CORP.,**<br><br>Defendants. | Case No. 2:26-cv-229<br><br>Jury Trial Demanded |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Flexiworld Technologies, Inc., files this Original Complaint for patent infringement against Defendants TCL Electronics Ltd. ("TCL Electronics"), TCL Industries Holdings Co., Ltd. ("TCL Industries"), and TCL Technology Group Corp. ("TCL Technology") (collectively "TCL" or "Defendants") alleging as follows:

## BACKGROUND AND NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This case asserts infringement of United States Patent Nos. 10,768,871 ("the '871 Patent"), 11,096,056 ("the '056 Patent"), 9,836,259 ("the '259 Patent"), 9,042,811 ("the '811 Patent"), 9,965,233 ("the '233 Patent"), 11,029,903 ("the '903 Patent"), 10,841,798 ("the '798 Patent"), 8,630,000 ("the '000 Patent"), 10,846,031 ("the '031 Patent"), 7,609,402 ("the '402 Patent"), 8,285,802 ("the '802 Patent"), and 8,332,521 ("the '521 Patent") (collectively, "the Patents-in-Suit").

2.      The Patents-in-Suit are owned by Plaintiff, Flexiworld Technologies, Inc. ("Flexiworld" or "Plaintiff").

3.      Flexiworld is a pioneer and leading innovator in the field of pervasive wireless technologies.

4.      Flexiworld was founded by American scientist and inventor William Ho Chang and is an innovator engaged in research and development of technologies for wireless applications and embedded solutions in short-range wireless (e.g., WiFi, Bluetooth) and mobile device markets.

5.      Flexiworld has significantly contributed to the innovation of wireless devices such as mobile phones, notebooks, PDAs, digital cameras, wireless televisions, wireless printers, wireless audio devices, etc.

6.      Flexiworld was voted the best early-stage company in the Pacific Northwest in 2002 and Flexiworld's business plan was also voted, consecutively, as the top 2 among the "Ten Best" in 2002 and in 2003 by the Business Journal in Silicon Valley, USA.

7.      Flexiworld's innovative work and results have been widely recognized in the industry.  The company's patents have been repeatedly forward cited by major technology companies worldwide, including Samsung, Seiko Epson, Canon, Xerox, NEC, Disney, Mattel, and others.

8.      Flexiworld has developed wireless applications and embedded solutions for the short-range wireless and mobile device market.

9.      William H. Chang, one of the named co-inventors on the Patents-in-Suit, is the founder and President of Flexiworld.  Mr. Chang has been granted over 88 United States patents and over 100 patents worldwide on his inventions.

**ORIGINAL COMPLAINT**                                           **Page 2 of 42**

10.  Christina Ying Liu, one of the named co-inventors on the Patents-in-suit, is a Flexiworld shareholder.  Ms. Liu has been granted over 65 United States patents and over 75 patents worldwide on her inventions.

## THE PARTIES

11.  Flexiworld is a Washington corporation with its principal place of business at 3439 NE Sandy Blvd., #267, Portland, Oregon 97232.

12.  On information and belief, Defendant TCL Electronics is a limited liability company incorporated in the Cayman Islands. The registered address of TCL Electronics is P.O. Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. TCL Electronics' principal place of business is located at 5/F, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, Hong Kong. Upon information and belief, TCL Electronics is a wholly owned subsidiary of TCL Industries. TCL Electronics may be served with process at least under Fed. R. Civ. P. 4(h)(1) or (2).

13.  <u>TCL Electronics</u>. According to its 2024 Annual Report, "TCL Electronics is a world-leading consumer electronics company that covers display, innovative and internet businesses." TCL Electronics' 2024 Annual Report at 3. That business includes manufacturing televisions and selling and importing those televisions in the United States. In its 2024 Annual Report, TCL Electronics states that "the Group and its subsidiaries…were mainly involved in the manufacture and sale of television ("TV") sets, smartphones, smart connective devices, smart commercial display and smart home products … ." *Id*. at 144.[1] And "[t]he Group continued to expand and deepen the coverage of key channels in multiple regions such as North America, Europe and Emerging Market, driving TCL TV to rank among the top three in terms of shipment

---

[1] In its 2024 Annual Report, dated March 21 2025, TCL Electronics refers to itself as the "Company." And it refers to the "Group" as "collectively the Company and its subsidiaries." *Id*. at 144.

**ORIGINAL COMPLAINT**                                                                              **Page 3 of 42**

in nearly 20 countries around the world." *Id*. at 27. And "in 2024, global shipment of TCL TV increased by 14.8% year-on-year to 29 million sets, with market share further increasing to 13.9%, ranking among the top two global TV brands." *Id*. at 13.

14.    Specifically in the United States, TCL Electronics sought to increase its television market share and competitiveness "through a series of effective localization tactics." *Id*. at 32. For example, "the Group collaborated with influential local brands like NFL, integrating TCL brand with local culture and bringing North American consumers closer through sports marketing, which effectively increased brand awareness and reputation." *Id*. "The Group also proactively optimized channel and product structure to better meet the diverse demand of North American consumers." *Id*. And "for market share in terms of retail sales volume, TCL maintained a top two position in the U.S." *Id*.

15.    Upon information and belief, TCL Electronics has a global supply chain for selling and importing televisions in the United States. As stated in its 2024 Annual Report, "the Group will further optimize its global supply chain, logistics, and service systems to improve operational efficiency." *Id*. at 40. And TCL Electronics further stated "[a]dhering to a strategic direction prioritizing efficiency, the Group continued to optimize its supply chain, logistics and service capabilities, and partner ecosystem through globalization, enhancing its global operational capabilities, and improving operational efficiency. During the year, the Group's inventory turnover days was 65 days, down by 3 days year-on-year, demonstrating robust and comprehensive operational capabilities and financial strength, laying s solid foundation for the Group's sustainable development in the future." *Id*. at 27.

16.    <u>TCL Industries</u>. On information and belief, TCL Industries is a limited liability company registered in China. On information and belief, TCL Industries' principal place of

business is located at 9/F, TCL Electronics Tower, Building D4, TCL International E City, 1001 Zhongshanyuan Road, Nanshan District, Shenzhen City, China. TCL Industries may be served with process at least under Fed. R. Civ. P. 4(h)(1) or (2).

17.    TCL Industries is the "ultimate holding company of the Company [TCL Electronics]." *Id*. at 144. As such, upon information and belief, TCL Industries controls or derives substantial revenue from the activities of TCL Electronics, including its manufacture of televisions for sale and importation into the United States. According to its own annual report, TCL Industries "focuses on the smart device business covering nearly all categories of smart consumer electronic products and services, ranging from displays to smart appliances, innovative business and home Internet … ." TCL Industries 2023 Annual Report at 7. The same annual report explains that "TCL Industries has been expanding its footprint in the international markets, creating a robust global supply chain system. With over 60,000 employees across Asia, Americas, Europe and Oceania … ." *Id*.

18.    The same annual report states that, "[a]s an active player in the display industry, TCL Industries continued to improve its smart display technologies for applications in smart home, smart life, smart security, smart education, smart conference room, smart energy consumption management, and more. TCL's high-end displays enable a more convenient and efficient living and working experience for consumers." *Id*. at 11.

19.    TCL Technology. On information and belief, TCL Technology is a corporation registered in China. On information and belief, TCL Technology's principal place of business 10/F, Tower G1, International E Town, TCL Science Park, 1001 Nashan District, Shenzhen, Guangdong Province, China. Upon information and belief, TCL Technology is wholly owned

**ORIGINAL COMPLAINT**                                                    **Page 5 of 42**

subsidiary of TCL Industries. TCL Technologies may be served with process at least under Fed. R. Civ. P. 4(h)(1) or (2).

20.     Upon information and belief, TCL Technology supplies relevant and/or infringing components to TCL electronics for TCL branded televisions. For example, according to TCL Electronics' 2024 Annual Report, "One of the five largest suppliers of the Group is a subsidiary of TCL Technology, which is a major panel supplier in the PRC." TCL Electronics' 2024 Annual Report at 98.

21.     Defendants have made, imported and supplied (and continue to make, import, and supply) accused products containing LED-backlit LCD displays. One non-limiting example of such accused products are televisions such as those discussed in Counts I-XII below. On information and belief, these products have been imported into the United States and sold throughout the Americas, including throughout the United States, Texas, and this District.

22.     Upon information and belief, Defendants, including along with other foreign and U.S.-based subsidiaries or agents (which act as part of a global network of overseas sales and manufacturing subsidiaries on behalf of Defendants) have operated as agents of one another and vicariously as parts of the same business group to work in concert together and enter into agreements that are nearer than arm's length. For example, Defendants conduct business in the United States, including importing, distributing, and selling the accused display products that incorporate devices, systems, and processes that infringe the Asserted Patents in Texas and this judicial district.

23.     Through offers to sell, sales, imports, distributions, and other related agreements to transfer ownership of Defendants' accused display products with distributors and customers

**ORIGINAL COMPLAINT**                                                              **Page 6 of 42**

operating in and maintaining a significant business presence in the U.S., Defendants do business in the U.S., the state of Texas, and in the Eastern District of Texas.

## JURISDICTION AND VENUE

24.     This action arises under the patent laws of the United States, 35 U.S.C. § 101, et seq. This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, et seq., 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338 (jurisdiction over patent actions).

25.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

26.     For each Defendant, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c). Each Defendant is a foreign entity that may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

27.     On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute because, *inter alia*, (i) Defendants have done and continues to do business in Texas and (ii) Defendants have, directly and through intermediaries, committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, either directly or vicariously, including by Internet sales and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in Texas, and/or committing a least a portion of any other infringements alleged herein. Defendants have placed, and continues to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in Texas, including in this District. Defendants have derived substantial revenues from its infringing acts occurring within Texas and within this District. Defendants have

**ORIGINAL COMPLAINT**                                                              **Page 7 of 42**

substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported, and services provided to Texas residents vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers.

28.     This Court has personal jurisdiction over Defendants, directly or through intermediaries, distributors, importers, customers, subsidiaries, and/or consumers including their U.S.-based subsidiaries, *e.g.*, TTE Technologies, Inc., dba TCL North America ("TCLNA"). Through direction and control of such subsidiaries, Defendant has committed acts of direct and/or indirect patent infringement within Texas, and elsewhere within the United States, giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

29.     On information and belief, TCLNA is a wholly-owned subsidiary of one or more of the Defendants. The primary business of TCLNA is the marketing and sale of electronic products in the United States. Upon information and belief, Defendants compensate TCLNA for its sales support services in the United States. As such, Defendants have a direct financial interest in their U.S.-based subsidiaries, and vice versa.

30.     Personal jurisdiction is proper because Defendants have committed acts of infringement in this District. This Court has personal jurisdiction over Defendants because, *inter alia*, this action arises from activities Defendants purposefully directed towards the State of Texas and this District.

**ORIGINAL COMPLAINT**                                    **Page 8 of 42**

31.     Exercising personal jurisdiction over Defendants in this District would not be unreasonable given Defendants' contacts in this District, the interest in this District of resolving disputes related to products sold herein, and the harm that would occur to Flexiworld.

32.     In addition, Defendants, either alone or in concert with their subsidiaries, have knowingly induced infringement within this District by advertising, marketing, offering for sale and/or selling devices pre-loaded with infringing functionality within this District, to consumers, customers, manufacturers, distributors, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the use of infringing functionality with knowledge thereof.

33.     Personal jurisdiction also exists specifically over Defendants because they, directly or through affiliates, subsidiaries, agents, or intermediaries, transact business in this State or purposefully directed at this State (including, without limitation, retail stores) by making, importing, offering to sell, selling, and/or having sold infringing products within this State and District or purposefully directed at this State or District.

34.     Personal jurisdiction also exists specifically over Defendants because Defendants have overlapping executives, interlocking corporate structures, and close relationships as manufacturer, importer, and distributor of the products accused of infringement.

35.     To the extent Defendants are not subject to jurisdiction in any state's court of general jurisdiction, exercising jurisdiction over Defendants in this State and this District would be consistent with due process and this State's long-arm statute and under national contacts in light of facts alleged in this Complaint.

36.     In addition, Defendants, directly or through affiliates, subsidiaries, agents, or intermediaries, placed infringing products into the stream of commerce knowing they will be

**ORIGINAL COMPLAINT**                                                            **Page 9 of 42**

sold and used in Texas, and economically benefitted from the retail sale of infringing products in this State. For example, Defendants' products have been sold in this District at Best Buy retail stores and are also available for sale and offered for sale in this District through online retailers such as Best Buy, Walmart, and Amazon. Defendants also advertised their infringing products and provided customer support of its infringing products to consumers in Texas and this District through its agents' websites. *See, e.g.*, https://us.tcl.com/;

https://www.bestbuy.com/site/brands/tcl/pcmcat384300050004.c;

https://www.walmart.com/browse/electronics/shop-tvs-by-size/3944_1060825_2489948?povid=ETS_TAVC_TVCP_Hubspoke_TVsbysize&facet=brand%3ATCL ; https://www.amazon.com/stores/TCL/page/0BC8946D-897E-41F0-837E-F776CEDFD8B3.

37.     As discussed in detail herein, Defendants have infringed (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States televisions, sound bars, gaming consoles, headphones, smartphones, and other products that infringe at least one claim of each of the Patents-in-Suit, including but not limited to TCL's smart televisions with Android/Google TV, including, but not limited to, TCL's 3, 4, 5, 6, C, P, S, Q, QD-Mini / QM, X, and NXTFRAME series TVs with Android/Google TV ("the Accused TVs"), the Alto 3, 5, 6, 7, 8, and 9 series and Q and S series soundbars and TP and Z series speakers ("the Accused Soundbars/Speakers"), the MOVEAUDIO, ELIT, ACTV, MTRO, and SOCL series headphones ("the Accused Headphones"), and the Flip, A, 10, 20, 30, 40, 50, and 60 series mobile

**ORIGINAL COMPLAINT**                                                                 **Page 10 of 42**

phones ("the Accused Phones").   The Accused TVs, Accused Soundbars/Speakers, Accused Headphones, and Accused Phones are collectively referred to herein as "the Accused Products."

38.   On information and belief, Defendants controlled or otherwise directed and authorized all activities of their U.S.-based subsidiaries, including TCLNA. Such directed and authorized activities include, the U.S. subsidiaries' using, offering for sale, selling, and/or importing the Accused Products, their components, and/or products containing the same that incorporate the fundamental technologies covered by the Patents-in-Suit. Defendants' U.S.-based subsidiaries (e.g., TCLNA) are authorized to import, distribute, sell, or offer for sale the Accused Products on behalf of Defendants. For example, Defendants researched, designed, developed, and manufactured the Accused Products and then directed their U.S.-based subsidiaries to import, distribute, offer for sale, and sell the Accused Products in the United States. *See, e.g., United States v. Hui Hsiung*, 778 F.3d 738, 743 (9th Cir. 2015) (finding that the sale of infringing products to third parties rather than for direct import into the U.S. did not "place [defendants'] conduct beyond the reach of United States law [or] escape culpability under the rubric of extraterritoriality"). Furthermore, Defendants' U.S.-based subsidiaries also administer, on behalf of Defendants, requests for service under and any disputes arising from Defendants' limited warranty of the Accused Products sold in the U.S., including in Texas and this judicial district. Thus, Defendants' U.S.-based sales subsidiaries conduct infringing activities on behalf of Defendants.

39.   On information and belief, Defendants' U.S.-based sales subsidiaries corporate presence in the United States gives Defendants substantially the business advantages that it would have enjoyed if it conducted its business through its own offices or paid agents in the United States, including in the State of Texas. Defendants' U.S.-based sales subsidiaries are authorized to import, distribute, sell, and offer for sale the Accused Products on behalf of Defendant. For example,

**ORIGINAL COMPLAINT** <span style="float:right">**Page 11 of 42**</span>

Defendants' U.S.-based sales subsidiaries operate within Defendant's global network of sales subsidiaries in North and South America, Europe, Asia, Australia, and the Middle East. In the U.S., including within the Eastern District of Texas, Defendants' Accused Products, are imported, distributed, offered for sale, and sold by Defendants at least via Defendants' U.S. based sales subsidiaries.

40.    Via Defendants' alter egos, agents, intermediaries, distributors, importers, customers, subsidiaries, and/or consumers maintaining a business presence, operating in, and/or residing in the U.S., Defendants' products, including products and processes accused of infringing the Patents-in-Suit, are or have been widely distributed and sold in retail stores, both brick and mortar and online, in Texas including within this judicial district. *See Litecubes, LLC v. Northern Light Products, Inc.*, 523 F.3d 1353, 1369-70 (Fed. Cir. 2008) ("[T]he sale [for purposes of § 271] occurred at the location of the buyer."); *see also Semcon IP Inc. v. Kyocera Corp.*, No. 2:18-cv-00197-JRG, 2019 WL 1979930, at *3 (E.D. Tex. May 3, 2019) (denying accused infringer's motion to dismiss because plaintiff sufficiently plead that purchases of infringing products outside of the United States for importation into and sales to end users in the U.S. may constitute an offer to sell under § 271(a)). For example, Defendants' Accused Products are sold to end users by Defendants and their U.S.-based subsidiaries, distributors, and customers, including, but not limited to, TCLNA, online and at retail stores located throughout the Eastern District of Texas.

41.    On information and belief, Defendants have placed infringing products and/or products that practiced infringing processes into the stream of commerce via established distribution channels comprising at least subsidiaries and distributors, such as TCLNA, and customers such as Walmart, Best Buy, and Amazon, with the knowledge and/or intent that those products are and/or will be imported, used, offered for sale, and sold in the United States and

Texas, including in this judicial district. As a result, Defendants have, vicariously through and/or in concert with their alter egos, agents, intermediaries, distributors, importers, customers, subsidiaries, and/or consumers, placed the Accused Products into the stream of commerce via established distribution channels with the knowledge and/or intent that those products were sold and continue to be sold in the United States and Texas, including in this judicial district.

42.    In the alternative, the Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2), because the claims for patent infringement in this action arise under federal law, Defendants are not subject to the jurisdiction of the courts of general jurisdiction of any state, and exercising jurisdiction over Defendant is consistent with the U.S. Constitution.

43.    Defendants are subject to service of process upon the Texas Secretary of State under Texas Civil Practice and Remedy Code § 17.044(b).  The Texas Secretary of State is an agent for service of process on Defendants because Defendants are nonresidents who engages in business in this State, but does not maintain a regular place of business in this State or a designated agent for service of process, and because this action arises out of the business Defendants do and have done in this State and to which Defendants are a party.  This action arises out of business Defendants do and have done in this State because Defendants have infringed and continue to infringe the Patents-in-Suit in this State, which constitutes "commit[ing] a tort a whole or in part in this state." Tex. Civ. Prac. & Rem. Code § 17.042(2).

44.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, among other things, Defendants are not resident in the United States, and thus may be sued in any judicial district, including this one, pursuant to 28 U.S.C. § 1391(c)(3). *See In re HTC Corp.*, 889 F.3d 1349, 1357 (Fed. Cir. 2018) ("The Court's recent decision in *TC Heartland* does not alter" the alien-venue rule.).

**ORIGINAL COMPLAINT**                                                        **Page 13 of 42**

## THE PATENTS-IN-SUIT

### The '871 Patent

45.    The '871 Patent, entitled "Wireless Output Devices or Wireless Controllers for Establishing Wireless Connectivity and for Receiving Digital Content," duly and legally issued on September 8, 2020, from U.S. Patent Application No. 16/051,371, filed on July 31, 2018, naming William Ho Chang and Christina Ying Liu as the inventors.

46.    The '871 Patent claims priority to U.S. Patent Application No. 15/348,006, which was filed on November 10, 2016 and issued as U.S. Patent No. 10,037,178. The '871 Patent also claims priority to U.S. Provisional Application No. 10/053,765, filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257.  The '871 Patent also claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541.  The '871 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

47.    The '871 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

48.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '871 Patent.

49.    An assignment of the '871 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 046519/0534.

50.    Flexiworld has standing to sue for infringement of the '871 Patent.

### The '056 Patent

51.    The '056 Patent, entitled "Output devices, such as televisions, output controllers, or audio output devices, that are setup to wirelessly receive digital content from a digital content

service over the Internet or from a wireless information apparatus that is in the same network as the output devices," duly and legally issued on August 17, 2021, from U.S. Patent Application No. 16/557,593, filed on August 30, 2019, naming William Ho Chang and Christina Ying Liu as the inventors.

52.     The '056 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257.  The '056 patent also claims priority to U.S. Patent Application No. 09/992,413, which was filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233.  The '056 Patent also claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The '056 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, U.S. Provisional Application No. 60/252,682, filed on November 20, 2000, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

53.     The '056 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

54.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '056 Patent.

55.     An assignment of the '056 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 057255/0274.

56.     Flexiworld has standing to sue for infringement of the '056 Patent.

**The '259 Patent**

57.     The '259 Patent, entitled "Televisions, output controllers, or speakers that are setup to wirelessly connect to a network and to receive digital content from a digital content service over the network," duly and legally issued on December 5, 2017, from U.S. Patent Application No.

**ORIGINAL COMPLAINT**                                                           **Page 15 of 42**

15/359,147, filed on November 22, 2016, naming William Ho Chang and Christina Ying Liu as the inventors.

58.    The '259 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257, and U.S. Patent Application No. 09/992,413, which was filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233. The '259 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, and U.S. Provisional Application No. 60/252,682, filed on November 20, 2000.

59.    The '259 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

60.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '259 Patent.

61.    An assignment of the '259 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 042385/0202.

62.    Flexiworld has standing to sue for infringement of the '259 Patent.

**The '811 Patent**

63.    The '811 Patent, entitled "Specification of smart wireless television for rendering digital content," duly and legally issued on May 26, 2015, from U.S. Patent Application No. 12/764,032, filed on April 20, 2010, naming William Ho Chang and Christina Ying Liu as the inventors.

64.    The '811 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257.  The '811 Patent also claims priority to U.S. Provisional Application No. 60/262,764, which was filed on January 19, 2001.

65.    The '811 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

**ORIGINAL COMPLAINT**                                                    **Page 16 of 42**

66.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '811 Patent.

67.    An assignment of the '811 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 029112/0430.

68.    Flexiworld has standing to sue for infringement of the '811 Patent.

**The '233 Patent**

69.    The '233 Patent, entitled "Digital content services or stores over the Internet that transmit or streams protected or encrypted digital content to connected devices and applications that access the digital content services or stores," duly and legally issued on May 8, 2018, from U.S. Patent Application No. 09/992,413, filed on November 18, 2001, naming William Ho Chang and Christina Ying Liu as the inventors. The '233 Patent also claims priority to U.S. Provisional Application No. 60/252,682, filed on November 20, 2000.

70.    The '233 Patent claims patent-eligible subject matter under 35 U.S.C. §101.

71.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '233 Patent.

72.    An assignment of the '233 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 012325/0362.

73.    Flexiworld has standing to sue for infringement of the '233 Patent.

**The '903 Patent**

74.    The '903 Patent, entitled "Output systems, such as television controllers, televisions, display devices, or audio output devices, operable for playing digital content wirelessly received either from a digital content service over the Internet or wirelessly received from a client device that is in the same network as the output system," duly and legally issued on June 8, 2021,

**ORIGINAL COMPLAINT**                                                      **Page 17 of 42**

from U.S. Patent Application No. 16/696,989, filed on November 26, 2019, naming William Ho Chang and Christina Ying Liu as the inventors.

75.    The '903 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257.  The '903 patent also claims priority to U.S. Patent Application No. 09/992,413, which was filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233.  The '903 Patent also claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The '903 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, U.S. Provisional Application No. 60/252,682, filed on November 20, 2000, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

76.    The '903 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

77.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '903 Patent.

78.    An assignment of the '903 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 045907/0890.

79.    Flexiworld has standing to sue for infringement of the '903 Patent.

**The '798 Patent**

80.    The '798 Patent, entitled "Information Apparatus or Client Software That Wirelessly Discovers, Within Short Range, One or More Output Devices for Establishing a Wireless Connection," duly and legally issued on November 17, 2020, from U.S. Patent Application No. 16/200,380, filed on November 26, 2018, naming William Ho Chang and Christina Ying Liu as the inventors.

81.     The '798 Patent claims priority to U.S. Patent Application No. 15/332,432, which was filed on October 24, 2016 and issued as U.S. Patent No. 10,140,071. The '798 Patent also claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257.  The '798 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001.

82.     The '798 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

83.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '798 Patent.

84.     An assignment of the '798 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 42385/0202.

85.     Flexiworld has standing to sue for infringement of the '798 Patent.

**The '000 Patent**

86.     The '000 Patent, entitled "Essential Components for Enabling a Pervasive Wireless Digital Ecosystem and Wireless Devices That Support the Wireless Digital Ecosystem," duly and legally issued on January 14, 2014, from U.S. Patent Application No.11/929,501, filed on October 30, 2007, naming William Ho Chang and Christina Ying Liu as the inventors.

87.     The '000 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002. The '000 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001.

88.     The '000 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

89.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '000 Patent.

**ORIGINAL COMPLAINT**                                                        **Page 19 of 42**

90.     An assignment of the '000 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 29112/0430.

91.     Flexiworld has standing to sue for infringement of the '000 Patent.

**The '031 Patent**

92.     The '031 Patent, entitled "Software application for a mobile device to wirelessly manage or wirelessly setup an output system or output device for service," duly and legally issued on November 24, 2020, from U.S. Patent Application No. 15/594,440, filed on May 12, 2017, naming William Ho Chang and Christina Ying Liu as the inventors.

93.     The '031 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257.  The '031 patent also claims priority to U.S. Patent Application No. 09/992,413, which was filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233.  The '031 Patent also claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The '031 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, U.S. Provisional Application No. 60/252,682, filed on November 20, 2000, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

94.     The '031 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

95.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '031 Patent.

96.     An assignment of the '031 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 042385/0202.

97.     Flexiworld has standing to sue for infringement of the '031 Patent.

**The '402 Patent**

98.    The '402 Patent, entitled "Methods for universal data output," duly and legally issued on October 27, 2009, from U.S. Patent Application No. 10/053,651, filed on January 18, 2002, naming William Ho Chang and Christina Ying Liu as the inventors.

99.    The '402 Patent claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001.

100.    The '402 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

101.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '402 Patent.

102.    An assignment of the '402 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 028733/0064.

103.    Flexiworld has standing to sue for infringement of the '402 Patent.

**The '802 Patent**

104.    The '802 Patent, entitled "Internet-Phone or Smart Phone With Applications for Managing and Playing Digital Content, and a Mobile Device Operating System Supporting Application Programming Interface", duly and legally issued on October 9, 2012, from U.S. Patent Application No. 12/907,865, filed on October 19, 2010, naming William Ho Chang and Christina Ying Liu as the inventors.

105.    The '802 Patent claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001.  The '802 Patent also claims priority to U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

106.    The '802 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

107.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '802 Patent.

108.    An assignment of the '802 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 26177/0419.

109.    Flexiworld has standing to sue for infringement of the '802 Patent.

**The '521 Patent**

110.    The '521 Patent, entitled "Internet-Pad Specification, the Internet-Pad specification May Include a Touch Sensitive Screen, a Digital Camera, a Document Application, an E-mail Application, Icons Over the Touch Sensitive Screen for User Selection, a Wireless Communication Unit for Wireless Connectivity, a Digital Content Application for Playing Digital Content, and an Operating System Supporting Application Programming Interface (API)," dually and legally issued on December 11, 2012, from U.S. Patent Application No. 12/903,048, filed on October 12, 2010, naming William Ho Chang and Christina Ying Liu as the inventors.

111.    The '521 Patent also claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001. The '521 Patent also claims priority to U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

112.    The '521 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

113.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '521 Patent.

114.    An assignment of the '521 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 26177/0419.

115.    Flexiworld has standing to sue for infringement of the '521 Patent.

## GENERAL ALLEGATIONS

116.    Defendants have not obtained a license to any of the Patents-in-Suit.

**ORIGINAL COMPLAINT**                                              **Page 22 of 42**

117.   Defendants did not have Flexiworld's permission to make, use, sell, offer to sell, or import products or practice methods that are covered by one or more claims of any of the Patents-in-Suit.

118.   Defendants have made, used, sold, offered to sell, and/or imported into the United States products as claimed in each of the Patents-in-Suit.

119.   Defendants have infringed (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States the Accused Products.

120.   Defendants' customers have directly infringed the Patents-in-Suit by using the Accused Products.  Through its product manuals, website, and/or sales and marketing activities, Defendants solicited, instructed, encouraged, and aided and abetted their customers to purchase and use the Accused Products in an infringing way.

121.   Defendants have had knowledge of the Patents-in-Suit at least through Flexiworld's sending of (and Defendants' receipt of) a notice letter via U.S. mail on October 14, 2021, which identified the Patents-in-Suit, additional Flexiworld patents, and the Accused Products as infringing the Patents-in-Suit.  In addition or in the alternative, Defendants have knowledge of the Patents-in-Suit through the service of this Complaint.

122.   By receiving such notice of infringement, Defendants obtained a subjective belief that there is a high probability that the Accused Products infringe the Patents-in-Suit.  Despite being put on notice of infringement, on information and belief Defendants have not taken any actions to avoid the conduct alleged to infringe and have not sought to remedy its infringements by offering to take a license.  Defendants' failure to act reflects deliberate actions to avoid learning

**ORIGINAL COMPLAINT**                                                                                   **Page 23 of 42**

that the Accused Products infringe the Patents-in-Suit and, more generally, a policy of not earnestly reviewing and respecting the intellectual property of others.

123.    Defendants' actions after learning of the Patents-in-Suit were with specific intent to cause infringement of one or more claims of each of the Patents-in-Suit.

124.    Further discovery may reveal earlier knowledge of one or more of the Patents-in-Suit, which would provide additional evidence of Defendants' specific intent, willful blindness, and/or willful infringement of the Patents-in-Suit.

125.    Despite having knowledge of the Patents-in-Suit, as well as knowledge that it was directly and/or indirectly infringing one or more claims of each Patent-in-Suit, Defendants nevertheless proceeded to infringe the Patents-in-Suit, and induce others to do the same, with full and complete knowledge of the applicability of the Patents-in-Suit to the Accused Products, without a license and without a good faith belief that the claims of the Patents-in-Suit were not infringed.  As noted above, this includes, but is not limited to, the willful blindness of Defendants including their refusal to investigate whether the Accused Products infringe the Patents-in-Suit.

126.    Flexiworld has been damaged as a result of Defendants' infringing conduct. Defendants are therefore liable to Flexiworld in an amount that adequately compensates Flexiworld for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

127.    In addition, for the reasons discussed herein, Defendants' infringing activities detailed in this Complaint have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ORIGINAL COMPLAINT**                                                              **Page 24 of 42**

128.    Defendants marketed and sold other products that are not covered by the claims of the Patents-in-Suit but that were sold with or in conjunction with the Accused Products. Accordingly, Flexiworld is entitled to collect damages from Defendants for convoyed sales of certain non-patented items.

129.    Defendants failed to obtain permission from Flexiworld to make, use, sell, offer to sell, or import products incorporating the inventions claimed in the Patents-in-Suit including, but not limited to, the Accused Products.

130.    On information and belief, with respect to each Patent-in-Suit Flexiworld has complied with the requirements of 35 U.S.C. § 287.

131.    Since issuance of each of the Patents-in-Suit, Flexiworld has not made, offered for sale, sold, or imported a product that practices any of the Patents-in-Suit or that would otherwise require marking under 35 U.S.C. § 287.

132.    Further, on information and belief Flexiworld's licensees either did not make, offer to sell, sell, or import products that would require marking under 35 U.S.C. § 287 or otherwise did not have an obligation to mark any of their products with any of the Patents-in-Suit.

133.    Flexiworld complied with the requirements of 35 U.S.C. § 287, to the extent necessary, such that Flexiworld may recover pre-suit damages.

134.    For each count of infringement listed below, Flexiworld incorporates and re-states the allegations contained in the preceding paragraphs above, including these General Allegations, as if fully set forth in each count of infringement.

### COUNT I – INFRINGEMENT OF THE '871 PATENT

135.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 134.

**ORIGINAL COMPLAINT**                                                                 **Page 25 of 42**

136. Defendants have directly infringed one or more claims of the '871 Patent, including, for example, claims 15-20, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, one or more of the Accused TVs, the Accused Soundbars/Speakers, and the Accused Headphones.

137. Defendants have had knowledge of the '871 Patent and of their infringement of the '871 Patent through at least Flexiworld's October 14, 2021 notice letter.

138. On information and belief, Despite Defendants' knowledge of the '871 Patent and of their infringement of the '871 Patent, Defendants have not sought to remedy its infringement or sought to identify any good faith belief as to why they do not infringe the '871 Patent.

139. On information and belief, Defendants' actions represented a specific intent to induce infringement of at least claims 15-20 of the '871 Patent.  For example, Defendants offered their customers extensive customer support and instructions that instructed and encouraged their customers to infringe the '871 Patent via at least their use of the Accused TVs, the Accused Soundbars/Speakers, and the Accused Headphones.  *See*, e.g., https://support.tcl.com/us.

140. As a result of Defendants' infringement of the '871 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

141. In addition, Defendants' infringing activities detailed in this Complaint have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ORIGINAL COMPLAINT**                                                                                    **Page 26 of 42**

## COUNT II – INFRINGEMENT OF THE '056 PATENT

142.   Flexiworld incorporates herein the allegations made in paragraphs 1 through 134.

143.   Defendants have directly infringed one or more claims of the '056 Patent, including, for example, claims 1-3 and 5-7 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, one or more of the Accused TVs.

144.   Additionally, on information and belief, Defendants have indirectly infringed the '056 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Smart TVs, and/or by instructing customers how to use the Accused TVs in a way that directly infringed at least claims 1-3 and 5-7 of the '056 Patent.

145.   Defendants have had knowledge of the '056 Patent and of its infringement of the '056 Patent through at least Flexiworld's October 14, 2021 notice letter.

146.   On information and belief, despite Defendants' knowledge of the '056 Patent and of their infringement of the '056 Patent, Defendants have not sought to remedy its infringement or sought to identify any good faith belief as to why they do not infringe the '056 Patent.

147.   On information and belief, Defendants' actions represented a specific intent to induce infringement of at least claims 1-3 and 5-7 of the '056 Patent.  For example, Defendants offered their customers extensive customer support and instructions that instructed and encouraged their customers to infringe the '056 Patent via at least their use of the Accused TVs.  *See, e.g.,* https://support.tcl.com/us.

148.   As a result of Defendants' infringement of the '056 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

149.    In addition, Defendants' infringing activities detailed in this Complaint have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III – INFRINGEMENT OF THE '259 PATENT

150.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 134.

151.    Defendants have directly infringed one or more claims of the '259 Patent, including, for example, claims 1, 2, 4, 5, 7-11, and 13 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, one or more of the Accused TVs and the Accused Soundbars/Speakers.

152.    Additionally, on information and belief, Defendants have indirectly infringed the '259 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused TVs and the Accused Soundbars/Speakers and/or by instructing customers how to use the Accused TVs and the Accused Soundbars/Speakers in a way that directly infringed at least claims 1, 2, 4, 5, 7-11, and 13 of the '259 Patent.

153.    Defendants have had knowledge of the '259 Patent and of its infringement of the '259 Patent through at least Flexiworld's October 14, 2021 notice letter.

154.    On information and belief, despite Defendants' knowledge of the '259 Patent and of their infringement of the '259 Patent, Defendants have not sought to remedy its infringement or sought to identify any good faith belief as to why they do not infringe the '259 Patent.

155.    On information and belief, Defendants' actions represented a specific intent to induce infringement of at least claims 1, 2, 4, 5, 7-11, and 13 of the '259 Patent.  For example,

Defendants offered their customers extensive customer support and instructions that instructed and encouraged their customers to infringe the '259 Patent via at least their use of the Accused TVs and the Accused Soundbars/Speakers.  *See, e.g.,* https://support.tcl.com/us.

156.    As a result of Defendants' infringement of the '259 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

157.    In addition, Defendants' infringing activities detailed in this Complaint have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV – INFRINGEMENT OF THE '811 PATENT

158.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 134.

159.    Defendants have directly infringed one or more claims of the '811 Patent, including, for example, claims 1, 2, 6, and 8 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, one or more of the Accused TVs.

160.    Additionally, on information and belief, Defendants have indirectly infringed the '811 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused TVs and/or by instructing customers how to use the Accused TVs in a way that directly infringed at least claims 1, 2, 6, and 8 of the '811 Patent.  Defendants have also indirectly infringed the '811 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused TVs and/or by instructing customers how to use the Accused TVs in a way that directly infringed at least claims 1, 2, 6, and 8 of the '811 Patent.

**ORIGINAL COMPLAINT**                                                                **Page 29 of 42**

161. Defendants have had knowledge of the '811 Patent and of their infringement of the '811 Patent through at least Flexiworld's October 14, 2021 notice letter.

162. On information and belief, despite Defendants' knowledge of the '811 Patent and of their infringement of the '811 Patent, Defendants have not sought to remedy its infringement or sought to identify any good faith belief as to why they do not infringe the '811 Patent.

163. On information and belief, Defendants' actions represented a specific intent to induce infringement of at least claims 1, 2, 6, and 8 of the '811 Patent.  For example, Defendants offered their customers extensive customer support and instructions that instructed and encouraged their customers to infringe the '811 Patent via at least their use of the Accused TVs.  *See, e.g.,* https://support.tcl.com/us.

164. As a result of Defendants' infringement of the '811 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

165. In addition, Defendants' infringing activities detailed in this Complaint have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT V – INFRINGEMENT OF THE '233 PATENT

166. Flexiworld incorporates herein the allegations made in paragraphs 1 through 134.

167. Defendants have directly infringed one or more claims of the '233 Patent, including, for example, claims 18-21 and 37-39 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, one or more of the Accused TVs and the Accused Phones.

**ORIGINAL COMPLAINT**

168.    Additionally, on information and belief, Defendants have indirectly infringed the '233 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused TVs and the Accused Phones and/or by instructing customers how to use the Accused TVs and the Accused Phones in a way that directly infringed at least claims 18-21 and 37-39 of the '233 Patent.

169.    Defendants have had knowledge of the '233 Patent and of their infringement of the '233 Patent through at least Flexiworld's October 14, 2021 notice letter.

170.    On information and belief, despite Defendants' knowledge of the '233 Patent and of their infringement of the '233 Patent, Defendants have not sought to remedy their infringement or sought to identify any good faith belief as to why they do not infringe the '233 Patent.

171.    On information and belief, Defendants' actions represented a specific intent to induce infringement of at least claims 18-21 and 37-39 of the '233 Patent.  For example, Defendants offered their customers extensive customer support and instructions that instructed and encouraged their customers to infringe the '233 Patent via at least their use of the Accused TVs and the Accused Phones.  *See, e.g.,* https://support.tcl.com/us.

172.    As a result of Defendants' infringement of the '233 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

173.    In addition, Defendants' infringing activities detailed in this Complaint have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ORIGINAL COMPLAINT**                                                      **Page 31 of 42**

## COUNT VI – INFRINGEMENT OF THE '903 PATENT

174.  Flexiworld incorporates herein the allegations made in paragraphs 1 through 134.

175.  Defendants have directly infringed one or more claims of the '903 Patent, including, for example, claims 8, 12, and 13 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, one or more of the Accused TVs.

176.  Additionally, on information and belief, Defendants have indirectly infringed the '903 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused TVs and/or by instructing customers how to use the Accused TVs in a way that directly infringed at least claims 8, 12, and 13 of the '903 Patent.

177.  Defendants have had knowledge of the '903 Patent and of their infringement of the '903 Patent through at least Flexiworld's October 14, 2021 notice letter.

178.  On information and belief, despite Defendants' knowledge of the '903 Patent and of their infringement of the '903 Patent, Defendants have not sought to remedy their infringement or sought to identify any good faith belief as to why they do not infringe the '903 Patent.

179.  On information and belief, Defendants' actions represented a specific intent to induce infringement of at least claims 8, 12, and 13 of the '903 Patent.  For example, Defendants offered their customers extensive customer support and instructions that instructed and encouraged their customers to infringe the '903 Patent via at least their use of the Accused TVs.  *See, e.g.,* https://support.tcl.com/us.

180.  As a result of Defendants' infringement of the '903 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

**ORIGINAL COMPLAINT**                                   **Page 32 of 42**

181.    In addition, Defendants' infringing activities detailed in this Complaint have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VII – INFRINGEMENT OF THE '798 PATENT

182.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 134.

183.    Defendants have directly infringed one or more claims of the '798 Patent, including, for example, claims 16-18 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to one or more of the Accused Phones and the Accused TVs.

184.    Additionally, on information and belief, Defendants have indirectly infringed the '798 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Phones and the Accused TVs and/or by instructing customers how to use the Accused Phones and the Accused TVs in a way that directly infringed at least claims 16-18 of the '798 Patent.

185.    Defendants have had knowledge of the '798 Patent and of its infringement of the '798 Patent through at least Flexiworld's October 14, 2021 notice letter.

186.    On information and belief, despite Defendants' knowledge of the '798 Patent and of its infringement of the '798 Patent, Defendants have not sought to remedy their infringement or sought to identify any good faith belief as to why they do not infringe the '798 Patent.

187.    On information and belief, Defendants' actions represented a specific intent to induce infringement of at least claims 16-18 of the '798 Patent.  For example, Defendants offered their customers extensive customer support and instructions that instructed and encouraged their

customers to infringe the '798 Patent via at least their use of the Accused Phones and the Accused TVs.  *See, e.g.,* https://support.tcl.com/us.

188.    As a result of Defendants' infringement of the '798 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

189.    In addition, Defendants' infringing activities detailed in this Complaint have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT VIII – INFRINGEMENT OF THE '000 PATENT

190.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 134.

191.    Defendants have directly infringed one or more claims of the '000 Patent, including, for example, claims 1-3, 5, 6, and 8 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, one or more of the Accused Products.

192.    Additionally, on information and belief, Defendants have indirectly infringed the '000 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Products and/or by instructing customers how to use the Accused Products  in a way that directly infringed at least claims 1-3, 5, 6, and 8 of the '000 Patent.

193.    Defendants have had knowledge of the '000 Patent and of their infringement of the '000 Patent through at least Flexiworld's October 14, 2021 notice letter.

**ORIGINAL COMPLAINT**                                                                                              **Page 34 of 42**

194.    On information and belief, despite Defendants' knowledge of the '000 Patent and of their infringement of the '000 Patent, Defendants have not sought to remedy their infringement or sought to identify any good faith belief as to why they do not infringe the '000 Patent.

195.    On information and belief, Defendants' actions represented a specific intent to induce infringement of at least claims 1-3, 5, 6, and 8 of the '000 Patent.  For example, Defendants offer their customers extensive customer support and instructions that instructed and encouraged their customers to infringe the '000 Patent via at least their use of the Accused Products.  *See, e.g.,* https://support.tcl.com/us.

196.    As a result of Defendants' infringement of the '000 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

197.    In addition, Defendants' infringing activities detailed in this Complaint have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT IX – INFRINGEMENT OF THE '031 PATENT

198.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 134.

199.    Defendants have directly infringed one or more claims of the '031 Patent, including, for example, claims 28-32 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, one or more of the Accused Phones.

200.    Additionally, on information and belief, Defendants have indirectly infringed the '031 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the

**ORIGINAL COMPLAINT**                                                                    **Page 35 of 42**

Accused Phones and/or by instructing customers how to use the Accused Phones in a way that directly infringed at least claims 28-32 of the '031 Patent.

201.    Defendants have had knowledge of the '031 Patent and of its infringement of the '031 Patent through at least Flexiworld's October 14, 2021 notice letter.

202.    On information and belief, despite Defendants' knowledge of the '031 Patent and of their infringement of the '031 Patent, Defendants have not sought to remedy their infringement or sought to identify any good faith belief as to why they do not infringe the '031 Patent.

203.    On information and belief, Defendants' actions represented a specific intent to induce infringement of at least claims 28-32 of the '031 Patent.  For example, Defendants offered their customers extensive customer support and instructions that instructed and encouraged their customers to infringe the '031 Patent via at least their use of the Accused Phones.  *See, e.g.,* https://support.tcl.com/us.

204.    As a result of Defendants' infringement of the '031 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

205.    In addition, Defendants' infringing activities detailed in this Complaint have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT X – INFRINGEMENT OF THE '402 PATENT

206.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 134.

207.    Defendants have directly infringed one or more claims of the '402 Patent, including, for example, claims 33-37, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not

limited to, one or more of the Accused Phones, the Accused Headphones, and the Accused Soundbars/Speakers.

208.    Additionally, on information and belief, Defendants have indirectly infringed the '402 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Phones, the Accused Headphones, and the Accused Soundbars/Speakers and/or by instructing customers how to use the Accused Phones, the Accused Headphones, and the Accused Soundbars/Speakers in a way that directly infringed at least claims 33-37 of the '402 Patent.

209.    Defendants have had knowledge of the '402 Patent and of their infringement of the '402 Patent through at least Flexiworld's October 14, 2021 notice letter.

210.    On information and belief, despite Defendants' knowledge of the '402 Patent and of their infringement of the '402 Patent, Defendants have not sought to remedy their infringement or sought to identify any good faith belief as to why they do not infringe the '402 Patent.

211.    On information and belief, Defendants' actions represented a specific intent to induce infringement of at least claims 33-37 of the '402 Patent.  For example, Defendants offered their customers extensive customer support and instructions that instructed and encouraged their customers to infringe the '402 Patent via at least their use of the Accused Phones, the Accused Headphones, and the Accused Soundbars/Speakers.  *See, e.g.,* https://support.tcl.com/us.

212.    As a result of Defendants' infringement of the '402 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

213.    In addition, Defendants' infringing activities detailed in this Complaint have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding

of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XI – INFRINGEMENT OF THE '802 PATENT

214.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 134.

215.    Defendants have directly infringed one or more claims of the '802 Patent, including, for example, claims 1, 5, and 7-8 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, one or more of the Accused Phones, the Accused Headphones and the Accused TVs.

216.    Additionally, on information and belief, Defendants have indirectly infringed the '802 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Phones, the Accused Headphones and the Accused TVs and/or by instructing customers how to use the Accused Phones, the Accused Headphones and the Accused TVs in a way that directly infringed at least claims 1, 5, and 7-8 of the '802 Patent.

217.    Defendants have had knowledge of the '802 Patent and of their infringement of the '802 Patent through at least Flexiworld's October 14, 2021 notice letter.

218.    On information and belief, despite Defendants' knowledge of the '802 Patent and of their infringement of the '802 Patent, Defendants have not sought to remedy their infringement or sought to identify any good faith belief as to why they do not infringe the '802 Patent.

219.    On information and belief, Defendants' actions represented a specific intent to induce infringement of at least claims 1, 5, and 7-8 of the '802 Patent.  For example, Defendants offered their customers extensive customer support and instructions that instructed and encouraged

their customers to infringe the '802 Patent via at least their use of the Accused phones, the Accused Headphones and the Accused TVs. *See, e.g.,* https://support.tcl.com/us.

220.    As a result of Defendants' infringement of the '802 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

221.    In addition, Defendants' infringing activities detailed in this Complaint have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT XII – INFRINGEMENT OF THE '521 PATENT

222.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 134.

223.    Defendants have directly infringed one or more claims of the '521 Patent, including, for example, claims 7 and 12 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, one or more of the Accused Products.

224.    Additionally, on information and belief, Defendants have indirectly infringed the '521 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Products and/or by instructing customers how to use the Accused Products in a way that directly infringed at least claims 7 and 12 of the '521 Patent.

225.    Defendants have had knowledge of the '521 Patent and of their infringement of the '521 Patent through at least Flexiworld's October 14, 2021 notice letter.

**ORIGINAL COMPLAINT**                                                                 **Page 39 of 42**

226.    On information and belief, despite Defendants' knowledge of the '521 Patent and of their infringement of the '521 Patent, Defendants have not sought to remedy its infringement or sought to identify any good faith belief as to why they do not infringe the '521 Patent.

227.    On information and belief, Defendants' actions represented a specific intent to induce infringement of at least claims 7 and 12 of the '521 Patent.  For example, Defendants offered their customers extensive customer support and instructions that instructed and encouraged their customers to infringe the '521 Patent via at least their use of the Accused Products.  *See, e.g.,* https://support.tcl.com/us.

228.    As a result of Defendants' infringement of the '521 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

229.    In addition, Defendants' infringing activities detailed in this Complaint have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Flexiworld demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Flexiworld respectfully requests that this Court enter judgment in its favor and grant the following relief:

    a.    A judgment that Defendants have directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. A judgment and order requiring Defendants to pay Flexiworld damages under 35 U.S.C. § 284;

c. A judgment and order that Defendants have willfully infringed the Patents-in-Suit and requiring Defendants to pay Flexiworld enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285;

d. A judgment and order requiring Defendants to pay Flexiworld pre-judgment and post-judgment interest on the damages award;

e. A judgment and order requiring Defendants to pay Flexiworld's costs; and

f. Such other and further relief as the Court may deem just and proper.

**ORIGINAL COMPLAINT**                                                    **Page 41 of 42**

Dated: March 20, 2026

Respectfully submitted,

*/s/ Timothy E. Grochocinski*
Timothy E. Grochocinski
Illinois Bar No. 6295055
tim@nelbum.com
C. Austin Ginnings
Illinois Bar No. 6343678
austin@nelbum.com
Taryn N. Trusty
Illinois Bar No. 6344409
taryn@nelbum.com
NELSON BUMGARDNER CONROY PC
745 McClintock Drive, Suite 340
Burr Ridge, Illinois 60527
708.675.1974 (telephone)


*Attorneys for Plaintiff*
*Flexiworld Technologies, Inc.*

**ORIGINAL COMPLAINT**                                                    **Page 42 of 42**